THE STATE OF MONTANA, PLAINTIFF AND RESPONDENT, *v.*
ROY GEORGE CROSBY, JR., ALIAS GARY BERNARD
WILKINSON, DEFENDANT AND APPELLANT.

No. 11116.
Submitted October 4, 1966. Decided November 14, 1966.
Rehearing denied December 15, 1966.
420 P.2d 431.

Robert S. Keller (argued), Kalispell, for appellant.

Forrest H. Anderson, Atty. Gen., Helena, W. G. Sternhagen, Asst. Atty. Gen. (argued), Helena, J. Robert Riley (argued), Missoula, H. J. Pinsoneault, Co. Atty., Missoula, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON, delivered the Opinion of the Court.

This is an appeal by the defendant from a judgment entered on a jury verdict finding him guilty of the commission of the crime of bigamy on two counts. The defendant was sentenced to two years in the state prison on each count, the terms to run consecutively.

The defendant and the State have agreed to let this appeal be determined on the merits of Instructions 2, 4A and 7.

The issue presented then is whether these instructions are a correct statement of the law.

The record before this court reveals the following sequence of marriages and divorces by the defendant:

1.   Married Dorothy Fortney on May 27, 1948;

2.   Married Lilly Shaw on March 1, 1955, under an alias of Gary Bernard Wilkinson;

3.   Divorced Dorothy Fortney Crosby on June 17, 1955;

4.   Married Bonita Jarvi on October 27, 1956;

5.   Divorced Bonita Jarvi Crosby on January 7, 1958;

6.   Married Mary Lou Daniels on May 14, 1958;

7.   Married Bonita Jarvi Crosby on August 19, 1958;

8. Divorced Bonita Jarvi Crosby on February 11, 1960;

9. Married Judy Lohrer on February 11, 1960.

At the trial, the defendant did not introduce any evidence which would prove a divorce between him and Mary Lou Daniels Crosby prior to his marriage to Bonita Crosby or Judy Lohrer.

Section 94-701, R.C.M.1947, defines bigamy in this manner: "Every person having a husband or wife living who marries any other person, except in the cases specified in the next section, is guilty of bigamy."

Section 94-702, R.C.M.1947, sets forth the following exceptions:

"The last section does not extend:

"1. To any person by reason of any former marriage, whose husband or wife by such marriage has been absent for five successive years, without being known to such person within that time to be living; nor,

"2. To any person by reason of any former marriage which has been pronounced void, annulled or dissolved by the judgment of a competent court."

From the facts which have been previously set forth it is apparent that the State proved the elements of the crime of bigamy. The State showed a marriage to Mary Lou Daniels and subsequent marriage to Bonita Crosby and Judy Lohrer without the benefit of a divorce.

We look then to Instructions 2, 4A and 7 to determine if they are reversible error.

Instruction 7 reads in this manner:

"You are instructed that it is the law of the State of Montana that every person having a husband or wife living who marries any other person, is guilty of bigamy."

We find no error in this Instruction as this is simply a statement of what is stated in section 94-701 with the reference to the exceptions left out. In this case defendant does not claim the benefit of the exceptions.

Instruction 2 reads in this manner:

"The State has the burden to prove beyond a reasonable doubt the material elements of the offense charged, this means that the State must establish that the defendant entered into a marriage and that thereafter while that wife was still living the defendant entered into another marriage with another woman in the County of Missoula, State of Montana, or in some other State or County and that thereafter they lived together as husband and wife in the County of Missoula, State of Montana.

"If the State proves these material allegations then the defendant before he can be found not guilty has the burden to prove that the prior marriage has been lawfully terminated by some competent tribunal which in the State of Montana can only be a District Court."

Again we find that this instruction is a correct recital of the law of this state.

Instruction 4A does present somewhat of a problem, but we do not feel that it is reversible error in light of Instructions 2 and 7 which were correct statements of the law.

Instruction 4A attempts to explain the three types of marriages that can be contracted. It says there are (1) absolute marriages; (2) voidable marriages; and (3) void marriages. This instruction may confuse the distinction between void marriages and voidable marriages, but this error is harmless in this case in light of the facts presented at the trial and the correct statement of the law in the other instructions.

In this connection, the entire thrust of the defense at the trial and here on appeal is that even though the marriage to Mary Lou Daniels was proven and tacitly admitted, (defendant conducted his own defense and cross-examination), that the Daniels marriage was absolutely void because the defendant had still another wife under the alias name Wilkinson. Under the civil statute, section 48-111, R.C.M.1947, such a marriage is void from the beginning.

However, as we have seen before from our quotation of the criminal statute, section 94-702, supra, such voidness must have been declared by a court of competent jurisdiction; such a determination of voidness cannot be made by the person involved to avoid being charged with a criminal act.

Defendant's position comes down to this: Once one marriage is consummated, thereafter all other marriages are void and such subsequent marriages cannot be bigamous. Our criminal statutory law is to the contrary.

No reversible error appearing, the judgment is affirmed.

MR. JUSTICES JOHN CONWAY HARRISON, ADAIR and CASTLES, concur.

MR. JUSTICE DOYLE, concurring in part; dissenting in part:

I concur in the majority opinion that the defendant was legally convicted of the crime alleged in the second count of the Information, but I vigorously dissent to the sustaining of the conviction on the first count of the Information, being the alleged bigamous marriage to Mary Lou Daniels on May 14, 1958.

The quantity and quality of the affirmative evidence is totally inadequate to sustain the conviction on the first count of the Information in my opinion.