STATE of MONTANA ex rel. ROY G. CROSBY, JR., Petitioner and Appellee, v. FRED L. WHITE, Director of the State Board of Pardons, and A. E. MARTINSON, LEE HUBING and JAMES CUNNINGHAM, Members of the Board of Pardons of the State of Montana, Respodents and Appellants.

No. 11618.
Submitted May 12, 1969.
Decided July 8, 1969.
456 P.2d 845.

258

William R. Taylor (argued), Deer Lodge, for appellants.

Robert L. Woodahl, Atty. Gen., Douglas Wold, Asst. Atty. Gen. (argued), Helena, for appellee.

PER CURIAM:

·Appeal by the Board of Pardons from an order entered in the district court of Powell county requiring the board to release from custody Roy George Crosby, Jr., then and now an inmate of the state prison. This action was instituted by Crosby, appearing pro se, upon a petition to the district court. An alternative writ of mandate issued, show cause hearing was held, and the order from which the appeal was taken was entered on December 19, 1968. Crosby was confined by reason of his conviction on two counts of bigamy and sentence of two consecutive two year terms. His conviction was upheld on appeal. See State v. Crosby, 148 Mont. 307, 420 P.2d 431.

Following confinement in the prison Crosby was paroled from the first sentence effective May 1, 1967, to begin serving time on the second consecutive sentence. The discharge date of the second sentence was October 12, 1968. When this date arrived Crosby was required to go back to serving the balance of the first consecutive sentence. The board did advise Crosby that it would consider parole upon condition that he not return to Missoula; this offer was rejected by Crosby. The board then decided that Crosby should serve his first sentence to completion. This sentence, less good time, will expire September 15, 1969.

The district court held that when Crosby was paroled from the first sentence to the second sentence he continued

serving the first sentence until its expiration, unless for some reason he lost his good time or his parole was revoked. There is no question here but that Crosby fulfilled the rules of the prison during his confinement and he has not lost his good time nor has his parole been revoked. We agree with the reasoning of the district court and hold that since section 94-9840, R.C.M. 1947, provides:

"The period served on parole or conditional release shall be deemed service of the term of imprisonment, and, subject to the provisions contained in section 18 [94-9838] herein relating to a prisoner who is a fugitive from, or has fled from, justice, the total time served may not exceed the maximum term or sentence. When a prisoner on parole or conditional release has performed the obligations of his release, the board shall make a final order or discharge and issue a certificate of discharge to the prisoner."

Crosby has paid his debt to society, he should be released and discharged forthwith.

In State ex rel. Herman and Roy v. Powell, 139 Mont. 583, 367 P.2d 553, we stated that the board did not have power to extinguish a former sentence by paroling a man to a subsequent sentence because to do so would be granting to the board the right to pardon or commute a sentence, which power rests with the Governor under the provisions of Sec. 9, Art. VII, of the Constitution of Montana.

However, we did not state that one paroled to a second sentence would not, while serving the second sentence, continuing to serve the first sentence from which he had been paroled. It is true, as contended by the attorney general, that the language used may lead one to believe that the mode of operation adopted by the board was correct but it was not our intent that the result here present should obtain. In our view the spirit and intent of the parole system is carried out by following the views expressed by the district court and here concurred in by us.

██ ██ If the board desires to place any special conditions in addition to the ordinary ones issued in the case of every parole they are at liberty to do so, just so long as such conditions do not violate the statutory laws governing the creation and operation of the board. A prisoner should know at the time a parole is approved for him just what conditions are attached to it so that he can choose whether to accept it or not.

██ The attorney general further contends that the district court's order is erroneous in that it requires the board to perform a discretionary act. In view of what we have heretofore said the act was not discretionary, therefore a writ of mandate *could* issue.

██ Finally the question is raised as to the failure to join the warden of the state prison in these proceedings, that since he has the custody of petitioner and the order is directed to the board the warden is not bound thereby. We noted heretofore that the prisoner applied by a petition filed by himself. To achieve justice we will not require exact compliance with legal procedures when we can determine from a pro se petition the purpose thereof. Crosby was seeking an interpretation as to the correctness of his confinement and while the attorney general is correct in contending that a writ of mandate should not issue in the situation here, relief should be afforded petitioner.

· While the order of the district court provided that a peremptory writ of mandate should issue, the judgment did not so provide, it merely stated—that petitioner has served both sentences to discharge and is to be forthwith immediately granted such time and forthwith discharged from the Montana state prison.

To attain the end sought by petitioner and to which he is entitled, the board is directed to issue to the warden its certificate showing that Crosby has served his first sentence to completion and the warden on receipt of such certificate, and

being aware that the second sentence has been served to completion, should release him from custody forthwith.

Crosby might remember in the future that publiic officials are not deliberately violating the laws with respect to inmates of the prison or those charged with crime, they are only trying to do their duties as they interpret them from the laws under which they operate.

We have not held the petitioner to the technical legal procedures herein. Neither do we hold the board to them. Thus, we have by direction attempted to achieve justice in the instant case and to guide the board in their consideration of other similar cases.